THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| DAVID H. MISHLER, | ) | Case No. 2:05CV00877DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

This matter is before the court on plaintiff David Mishler's brief in support of petition for review of the decision of defendant Jo Anne B. Barnhart, Commissioner of Social Security, denying Plaintiff's application for Disability Insurance Benefits, pursuant to 42 U.S.C. § 405(g) and 1383(c)(3). The court has also received and reviewed Defendant's answer brief supporting the Commissioner's decision and is prepared to issue the following decision.

I. ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for Disability Insurance Benefits on December 4, 2002, alleging disability since April 10, 2002, as a result of chronic back pain and swelling in the legs and feet. His claims were initially denied on January 27, 2003 and upon reconsideration on June 12, 2003. Plaintiff filed a request for a hearing before an administrative law judge, which was held on June 10, 2004. Administrative law judge Rand G. Farrer (hereinafter "ALJ") issued a decision, dated January 26, 2005, denying Plaintiff's claims and concluding that while Plaintiff suffers from a

severe impairment, he retains a residual functional capacity that allows him to perform a range of sedentary work activities. The ALJ further determined that Plaintiff's past relevant work as a sales manager was not precluded by his residual functional capacity, and that these jobs are readily available in the national economy.  Because Plaintiff was able to perform his past relevant work, the ALJ determined that Plaintiff has not, as of the date of his decision, suffered from a disability as defined by the Social Security Act.

On March 16, 2005, Plaintiff filed a request for review by the Appeals Council.  The Council denied his request on August 26, 2005, and thus the ALJ's decision of January 26, 2005 became the "final decision" of the Commissioner pursuant to 42 U.S.C. § 505(g).

## II. STANDARD OF REVIEW

The court's review of the Commissioner's decision is limited.  The court may not re-weigh the evidence or substitute its judgment for that of the ALJ.  See Hamilton v. Sec'y of Health & Human Serv., 961 F.2d 1495, 1498 (10th Cir. 1992).  However, the court should examine the record carefully and review it in its entirety.  See Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992).  The Commissioner's determination will be upheld if it is supported by "substantial evidence" and if correct legal standards were applied by the ALJ.  Castellano v. Sec'y of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1992); Hamilton v. Sec'y of Health & Human Servs., 961 F.2d 1495, 1497-98 (10th Cir. 1992); 42 U.S.C. § 405(g). Substantial evidence is defined as " such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389 (1971).  However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere

conclusion.  O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994).  The court must review the

record as a whole to determine if substantial evidence supports the Commissioner's final

decision.  Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).  However, where evidence

in the record can support either the Commissioner's final decision or an award of previously

denied benefits, the final decision of the agency must be affirmed.  See Ellison v. Sullivan, 929

F.2d 534, 536 (10th Cir. 1990).  The final agency decision is also reversible if the agency failed to

apply the correct legal standards.  Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994).

A disability is defined in the Social Security Act as "the inability to engage in any

substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to

last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (Supp. 2002).

The Act goes on to state that a benefit applicant shall only be found disabled where "his physical

or mental impairment or impairments are of such severity that he is not only unable to do his

previous work but cannot, considering his age, education, and work experience, engage in any

other kind of substantial gainful work."  42 U.S.C. § 423(d)(2)(A) (Supp. 2002).

The Commissioner has established a five-step sequential evaluation process for

determining whether a person is "disabled" for the purpose of awarding disability benefits.  See

20 C.F.R. §§ 404.1520, 416.920 (2001); Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

The first step in this process is simply to determine if the applicant is presently working and if

that work constitutes "substantial gainful employment."  If the claimant is gainfully employed,

she is not disabled, regardless of her medical condition, age, education, and work experience and

her application will be denied.  If the applicant is not gainfully employed, the evaluation will move on to the second step.

The second step is to determine if the claimant has an impairment or combination of impairments that is severe enough to limit his or her ability to perform work activities.  This step of the evaluation is based on medical factors alone.  If the claimant is found not to have a severe impairment, the claim is denied and the evaluation comes to an end.  If it is determined that the claimant does suffer from a  "severe impairment," the evaluation will move to the third step. The third step of the evaluation requires that the impairment was of sufficient duration and that it is listed in Appendix I of subpart P, 20 C.F.R. § 404.  If the impairment is listed, the claimant is presumed disabled and her claim is approved without further evaluation.  Alternately, if the impairment is not listed, but is determined to be equal to a listed impairment, the claim will be approved.  If the impairment is not listed and not equal to a listed impairment, the evaluation process must move on to a fourth step.

The fourth step of the process requires the claimant's past relevant work to be analyzed. If the applicant's impairment does not prevent the performance of past relevant work, the claim will be denied.  However, if the impairment is so severe that the applicant is unable to perform past relevant work, the analysis moves on to the final step.

In the fifth and final step of the evaluation process, the claimant will be deemed disabled and her claim will be granted unless it can be established that the claimant retains the capacity to perform an alternate work activity and that this specific job exists in the national economy.  At this point, if the Commissioner does not make the required showing, an award of disability benefits is proper.  Nielson v. Sullivan, 992 F.2d 118, 1122 (10th Cir. 1993). "If a determination

can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).  In steps one through four, the burden of proof lies with the claimant.  Following step four, however, the burden shifts to the Commissioner.  See Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir. 1989) (citing Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989)).

## III. DISCUSSION

A. The ALJ's Decision

At step one, the ALJ must determine if the claimant is engaged in substantial gainful employment. Substantial gainful work is defined at 20 C.F.R. §§ 404.1572 and 416.972 as work that requires significant mental or physical activities that is performed for pay or profit. The ALJ found that Plaintiff had not performed substantial gainful activity since the onset of his disability.

At step two, the ALJ must determine if the claimant's impairment or combination of impairments is severe. A claimant's impairment will be determined to be severe where it limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1521, 416.921. The ALJ concluded that Plaintiff has severe impairments in relation to right leg pain. There were also several references to drug abuse in the medical record but the ALJ did not find that the drug abuse rose to the level of a severe impairment.

The ALJ determined, at the third step, that claimant's severe impairments did not meet or medically equal any of the impairments listed in Appendix 1 of Subpart P, specifically listings 1.00, 4.04, 4.00, 5.00, and 12.00.

In regards to step four, the ALJ determined that Plaintiff's severe impairments limit him to performing a range of light work activities. Specifically, the ALJ concluded that Plaintiff could perform his past relevant work as a sales manager as that work is generally performed in the national economy. Having found that Plaintiff was able to perform past relevant work, the ALJ denied his claim and did not proceed to step five.

B. The Treating Physician Rule

Plaintiff alleges that the ALJ did not follow the established process for determining the weight to be assigned to treating physician opinions and failed to specifically identify the weight given to the treating physician opinions.  The treating physician's opinion is only controlling where "it is well supported by clinical and laboratory diagnostic techniques and [] it is not inconsistent with other substantial evidence in the record." Bean v. Chater, 77 F.3d 1210, 1214 (10th Cir. 1995).

Drs. Roberts and Johnson were Plaintiff's treating physicians. Both physicians stated that Plaintiff suffered from severe symptoms that limited the work Plaintiff could perform. These limitations included that Plaintiff could never stoop or crouch during an 8-hour day, that Plaintiff could only use his hands, fingers, and arms for 5-10% of an 8-hour day, and that Plaintiff would need to lie down for eight hours a day. However, the ALJ noted that there is no reasonable medical basis for these diagnoses. Regarding Plaintiff's claim of incapacitating back pain, the ALJ refers to various MRIs and X-rays that showed that Plaintiff only suffered "mild" bulging of the disc material and "very mild" stenosis. Thus the ALJ cites specific medical evidence to refute Plaintiff's claim. A treating physician's opinion, which finds a claimant to be disabled, may be

rejected where it is unsupported by objective medical findings. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1992).

The ALJ specifically states in his opinion that the "conclusory assessments by Drs. Roberts and Johnson are without foundation in the objective acceptable medical evidence of the record." (Tr. 24). A finding of disability is unsupported by objective medical evidence and is inconsistent with substantial evidence in the record. Accordingly, there was no error on the part of the ALJ in rejecting the opinion of Plaintiff's primary care physician.

C. The ALJ's Credibility Findings

The ALJ partially based his decision to deny disability benefits to Plaintiff on Plaintiff's credibility. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995)(quoting Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990)). However, if the ALJ disbelieves Plaintiff's allegations, he must explain what evidence led him to conclude the claimant's allegations were not credible. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). The ALJ found that Plaintiff's own assessments of his daily activities were inconsistent with the treating physicians' assessments and that "claimant's allegations regarding the severity of his impairments are only partially credible. Evidence exists to suggest that the claimant engages in pain medication seeking behavior." (Tr. 23).

The ALJ explained that Plaintiff's own assessments of daily activities indicate that Plaintiff participates in significant daily activities. He notes specific examples from the medical records where Plaintiff claimed to be totally disabled from performing vigorous activities and yet

reported that his pain was averaging as a four on a scale of one to ten. Also, the ALJ cites

examples where the Plaintiff reported that his medications were working very well and that he at

times felt better than he had in many years.

It is clear that the ALJ cites enough specific examples from Plaintiff's own record to

question Plaintiff's credibility. This credibility issue is clearly one of the ALJ's main foundations

in rejecting benefits to Plaintiff, and it is clearly stated in the ALJ's opinion.


IV. CONCLUSION

The court finds that the Commissioner's decision is supported by substantial evidence of

record and is not the result of any legal error which has been brought to the court's attention.

Therefore, based on the foregoing reasons as well as the Commissioner's opposing memorandum

in general, Plaintiff's complaint is DISMISSED and the Commissioner's decision to deny

Plaintiff's claim of disability insurance benefits is AFFIRMED.


SO ORDERED.


DATED this 22nd day of June , 2006.


BY THE COURT:

_David Sam_
_____
DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT